[No. 57. Second Appellate District.—August 30, 1905.]

M. R. MADARY, Respondent, v. S. G. SMARTT et al., Defendants; KERN VALLEY BANK, Appellant.

Mechanics' Liens—Waiver of Defect in Complaint.—A defect in the complaint in an action to foreclose a mechanic's lien, in not alleging that the materials contracted for were actually used in the building, is waived where the defendant's counsel made a statement to the court limiting his objection to evidence solely to insufficiency in the form of the lien and practically allowed the plaintiff to prove the fact of use without amendment in that regard; and the defendant cannot be permitted upon appeal to urge an objection to the complaint in that regard which might have been obviated by a timely amendment.

Id.—Sufficiency of Lien.—Where the complaint shows that the claim of lien stated all the matters required by section 1187 of the Code of Civil Procedure, and was filed in due time, it shows that a lien attached; and it is of little consequence whether the claimant styles it a claim of lien or a claim of benefit under the lien law.

Id.—Lien upon Counter and Partitions—Additions to Building—Permanent Fixtures—Support of Finding.—The lien was properly claimed upon a counter and partitions which were added to the building where they were shown to be such additions as amounted to a "repair and alteration" of the building, and the evidence was sufficient to support a finding that they were permanently attached to the building and became part thereof.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Smith & Allen, for Appellant.

George W. Whitaker, and Fred E. Borton, for Respondent.

ALLEN, J.—Action to foreclose a mechanic's lien. Judgment and decree for plaintiff. From the judgment and an order denying a new trial the defendant Kern Valley Bank appeals.

The first question presented upon the appeal is as to the sufficiency of the complaint. The complaint sets out an agreement between the lessee of the owner and the contractor, by which the latter agrees to furnish all the material and labor and to make certain alterations and repairs to a building. It further alleges that he fully completed all of the work agreed to be done. Following this, it is alleged that plaintiff entered into an agreement with said contractor, whereby he agreed to and contracted to furnish him certain specified materials, which were to be used in making such alterations and repairs, and which alterations and repairs were made with the knowledge of the owners. A copy of the lien filed of record is incorporated in the complaint, and, after the usual and ordinary statements, concludes as follows: "Wherefore said M. R. Madary claims the benefit of the law relative to liens of mechanics and others upon real property as found in the Code of Civil Procedure of the state of California."

It must be conceded that nowhere in the complaint is found the necessary allegation that the materials were actually used in the building, yet, in view of the conduct of all parties at the trial, such omission becomes unimportant. The transcript shows that the demurrer to the complaint was overruled by consent; that upon the trial, when plaintiff offered his testimony, counsel for defendant bank objected to the introduction thereof, and in such objection stated that it was "on the ground that the complaint does not state facts sufficient to constitute a cause of action. In other words, that the pleadings do not show that there has been any declaration of lien filed in the office of the county recorder, as required by law. I object to the introduction of any testimony with the view to prevent a lien being declared

against the Arlington Hotel, and a decree of foreclosure ordered." Further along, before the court passed upon the objection, counsel for the bank said: "There are only two propositions I care about in this matter. We deny that they are entitled to a lien to a partition that is mentioned in the complaint, and to the counter, and I am satisfied to try those two questions; to take the testimony upon those two matters and submit the case. Let the objection stand to all the material, and you may prove that the material set forth in here was furnished." This statement to the court could have had no other effect than to assure plaintiff and his counsel that no question would be raised on account of any defect in the complaint other than as to the form of lien; that they might prove the fact of use without any amendment in that regard. And to permit the defendant now to raise any objection to the complaint which might have been obviated by a timely amendment would be unfair.

The only question, therefore, presented by the exception is as to the sufficiency of the lien set out in the complaint. Section 1187 of the Code of Civil Procedure provides specifically what matters and things are essential to be stated in a claim of lien, all of which appear in this lien. Having stated those matters and filed the same in due time, the lien attaches. It is a claim upon its face, and a claim is all he is required to verify and file; and it is of little consequence whether the claimant styles it a claim of lien or a claim of benefit under the lien law.

The defendant next contends that the counter and partitions were neither alteration nor repairs, but additions. Let this be conceded. They were shown to be such additions as amounted to a repair and alteration of the building, and therefore properly styled repairs and alterations. Whether they were permanent in their character and became part of the structure by the manner of construction was for the trial court to say under the evidence, and there was evidence sufficient to warrant the court in its finding that they were permanently attached to the building and became a part thereof.

We find no error in the record, and the judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.